PROB 12C
(6/16)

Report Date: September 28, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Leora Guery | Case Number: 0980 2:20CR00035-TOR-2 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: September 29, 2020

| | | | |
|---|---|---|---|
| Original Offense: | Receipt and Possession of Stolen Mail, 18 U.S.C. § 1708 | | |
| Original Sentence: | Prison - 5 days;<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | James A. Goeke | Date Supervision Commenced: | September 29, 2020 |
| Defense Attorney: | Walter Lynn Ayers | Date Supervision Expires: | September 28, 2023 |

### PETITIONING THE COURT

**To issue a WARRANT**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.<br><br>**Supporting Evidence**: Ms. Guery is alleged to have violated her term of supervised release by being dishonest regarding her residence on or about September 26, 2021.<br><br>On October 1, 2020, the offender's conditions were reviewed and she signed the conditions acknowledging an understanding of her requirements. Specifically, she was made aware of by the supervision officer that she was required to be honest with this probation officer as required by standard condition #4 .<br><br>On September 22, 2021, this officer contacted Mr. Guery's grandmother asking if she had heard from or seen Ms. Guery, as she had failed to report as directed for approximately 2 weeks. Ms. Guery's grandmother indicated she had not seen or spoken to Ms. Guery in a couple of weeks and believed Ms. Guery was still living at the Ashley Way address.<br><br>On September 23, 2021, this officer attempted a home visit at Ms. Guery's last known address on Ashley Way; however, Ms. Guery was advised she was not permitted to remain at this address. During the visit, this officer could hear a small dog barking at the door, but no one answered. A card was left on the door directing Ms. Guery to call this officer immediately and report in person to this officer on Monday, September 27, 2021. |

Prob12C
Re: Guery, Leora
September 28, 2021
Page 2

On Sunday, September 26, 2021, at 7:57 p.m., this officer received a text message from Ms. Guery advising she had received this officer's card left at her apartment on Ashley Way. She indicating she has been staying at her grandmother's house, and was in training at a place called Fat Burger. She advised the back of the card was smudged and she was not able to read the directions. This officer informed her of being aware she was being dishonest about her residence, and directed her, again, to report on Monday, September 27, 2021, at 10 a.m. She responded that she was living at her grandmother's, but had not been staying there consistently until last week and was there now. This officer did not respond to her further via text messages, and called her on Monday, September 27, 2021. No answer was received and no further contact has been made.

2     **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Ms. Guery is alleged to have violated her term of supervised release by continuing to reside at a place not approved by this probation officer, as she continued to reside at                                                                                  , since on or about August 15, 2021.

On October 1, 2020, the offender's conditions were reviewed and she signed the conditions acknowledging an understanding of her requirements. Specifically, she was made aware by the supervision officer that any residence she chose to reside in must be approved by the probation officer as required by standard condition #5.

Ms. Guery was contacted outside of her residence on Ashley Way on July 28, 2021. During the meeting outside, Ms. Guery advised this officer that she was no longer in a relationship with her girlfriend, as the woman had cheated on her. In retaliation of their relationship ending, Ms. Guery reported her ex-girlfriend slashed the tires of her car. Ms. Guery has a history of negative relationships resulting in domestic violence. Based on reoccurring incidents of Ms. Guery reporting harassment, she was advised that she needed to find a new residence where she did not live with those who want to cause her harm. In addition, Ms. Guery had been given an eviction notice several months prior. Following this conversation, Ms. Guery was advised a walkthrough of her residence needed to be completed and she initially denied entry to this officer, but was advised if she did not permit this officer to see the inside of her home, it would result in a violation.

Once inside the residence, several items of concern were observed in plain-view in her living room. There was drug paraphernalia (suspected marijuana pipe and heroin pipe), three bottles of alcohol, a bottle of acetaminophen/codeine prescribed to an unknown male, a debit card belonging to an unknown male, and several bank cards belonging to her ex-girlfriend. This officer had Ms. Guery collect all the items and dispose of them. Ms. Guery was admonished for permitting these items into her residence and was directed to leave her residence by August 15, 2021, and report by phone every Monday. It should be noted, based on Ms. Guery's judgment, none of these items were considered a violation.

Prob12C
Re: Guery, Leora
September 28, 2021
Page 3

During a home visit on August 13, 2021, Ms. Guery was again located outside of her residence. This officer met with her outside and asked her about her plans to move out. She reported she was still looking for a place to live and did not want to ask her grandmother to reside at her residence. This officer advised her she had no choice but to move.

Transitioning into the residence, Ms. Guery reported she had some individuals (two women, a male, and two minor children), staying with her temporarily for a day or two. The apartment was found to be unliveable. There was animal feces on multiple parts of the carpet, garbage littered all over the floor, and the individuals in the residence did not appear to be sober. Ms. Guery was advised she had 1 day to leave this residence based on the uninhabitable conditions of her apartment and the individuals she permitted to enter her residence. She was also directed to continue to report weekly.

As reported above in violation #1, Ms. Guery has failed to find suitable housing, continues to reside at the Ashley Way residence despite it being unsuitable, and she is being dishonest about her living situation.

3      **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Ms. Guery is alleged to have her term of supervised release by failing to report as directed by telephone since September 6, 2021, and failing to report to the office as directed on September 27, 2021.

On October 1, 2020, the offender's conditions were reviewed and she signed the conditions acknowledging an understanding of her requirements. Specifically, she was made aware she needed to report as directed, as required by standard condition number 2.

As documented in the violation report report filed on June 23, 2021 (ECF 87), Ms. Guery has struggled to report as directed. Ms. Guery has since not made any significant progress. For the entire month of September 2021, she has failed to call this officer as required, and attempt to check-in via text message. When this officer tries to contact her by phone, she does not answer or return this officer's calls. Ms. Guery was given directions to report to the office on September 27, 2021. She failed to do so and also failed to call this officer to make alternative arrangements.

4      **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Ms. Guery is alleged to have violated her term of supervised release by failing to obtain employment since October 2020.

Prob12C
Re: Guery, Leora
September 28, 2021
Page 4

On October 1, 2020, the offender's conditions were reviewed and she signed the conditions acknowledging an understanding of her requirements. Specifically, she understood she was to find and maintain lawful employment as required by standard condition number 7.

As previously reported to the Court, Ms. Guery has failed to obtain employment throughout her entire period of supervision. Ms. Guery reported she has recently obtained employment; however, no proof or contact information has been provided.

The U.S. Probation Office respectfully recommends the Court **issue a WARRANT** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   s/Emely Cubias

September 28, 2021

Emely Cubias
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

September 29, 2021
Date